

# THE ATTORNEY GENERAL
# OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711
November 7, 1968

*overruled V-399*

Honorable Burt L. Risley
Executive Director
State Commission for the
  Blind
317 Sam Houston Building
Austin, Texas  78701

Opinion No. M-306

Re:  Legal effect of exemption
     of certain deaf and blind
     students from payment of
     tuition and other fees of
     state-supported colleges
     and universities pursuant
     to Article 2654f-2, V.C.S.

Dear Mr. Risley:

        You have requested the opinion of this office re-
garding the above question.

        Article 2654f-2, Vernon's Civil Statutes, was en-
acted in 1965, and amended in 1967.  The amended statute reads,
in part, as follows:

        "Section 1.  In this act,

        (4)  'tuition fees' includes all of the
fees for which an exemption is made in Section
1, Chapter 6, Acts of the 43rd Legislature, 1st
Called Session, 1933, as amended (Article 2654b-1,
Vernon's Texas Civil Statutes).

        "Section 2.  (a)  A deaf or blind person
who is a resident is entitled to exemption
from the payment of tuition at any institution
of collegiate rank supported in whole or in
part by public funds appropriated from the
State Treasury. . . . ."(Emphasis supplied.)

        Section 1 of Article 2654b-1, Vernon's Civil Statutes,
referred to in the above-quoted statute, reads, in part, as
follows:

        "The governing boards of the several
institutions of collegiate rank, supported
in whole or in part by public funds appro-
priated from the State Treasury, are hereby
Authorized and directed to except and exempt
. . . . from the payment of all dues, fees and
charges whatsoever, including fees for corres-

pondence courses; provided, however, that the foregoing exemption shall not be construed to apply to deposits, such as library, or laboratory deposits, which may be required in the nature of a security for the return of or proper care of property loaned for the use of students, nor to any fees or charges for lodging, board or clothing." (Emphasis supplied.)

In a previous opinion dealing with a problem somewhat similar to the one presented here, Attorney General Opinion V-399 (1947) held that the exemption extended to veteran students by Sections 1, 2 and 3 of Article 2654b-1 did not operate to exempt such veteran students from the payment of student activities fees required by some state colleges and universities under Section 4 of Article 2654a.

The fee exemption granted in Section 1 of Article 2654b-1, quoted supra, is stated in clear and unequivocal language, and has continued unchanged since the original enactment of the statute in 1933. Where the Legislature has expressed itself so clearly, and has carefully delineated those persons who are to qualify for the exemptions granted, it is artificial logic to conclude that the plain, unqualified words do not mean what they say. If the statute is by its terms plain and unambiguous, the opinion of the Attorney General as well as any departmental construction must necessarily yield thereto. Calvert v. Thompson, 339 S.W.2d 685 (Tex.Civ.App. 1960,err.ref.,n.r.e.). Accordingly, Attorney General Opinion V-399 (1947) is overruled.

In answer to your specific question, you are advised that it is the opinion of this office that, by authority of Article 2654f-2, qualified deaf or blind students are exempt from all mandatory fees at state-supported colleges and universities except those fees specifically excepted in Section 1, Article 2654b-1.

## S U M M A R Y

By authority of Article 2654f-2, Vernon's Civil Statutes, qualified deaf or blind students are exempt from all mandatory fees at state-supported colleges and universities except those fees specifically excepted in Section 1, Article 2654b-1, Vernon's Civil Statutes.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Malcolm L. Quick
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
Kerns Taylor, Co-Chairman
Pat Bailey
Joseph H. Sharpley
Larry Craddock
John Fainter

A. J. CARUBBI, JR.
Executive Assistant